MEGAN POTE

V.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY JURISDICTION)**

Exhibit "A" - Complaint

Page 1-10

Electronically Filed
7/20/2020 5:16 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOM**
TRACEE DUTHIE, ESQ.
Nevada Bar No. 8795
MELINDA WEAVER, ESQ.
Nevada Bar No. 11481
ROCHELLE HARDING, ESQ.
Nevada Bar No. 14058
**VAN LAW FIRM**
1290 S. Jones Blvd.,
Las Vegas, NV 89146
(702) 529-1011 Telephone
(702) 800-4662 Facsimile
tracee@vanlawfirm.com
melinda@vanlawfirm.com
rochelle@vanlawfirm.com
*Attorneys for Plaintiff Megan Pote*



RECEIVED
AUG - 7 2020
DIVISION OF INSURANCE
STATE OF NEVADA

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MEGAN POTE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation, and ROE LEGAL ENTITIES I-V,<br><br>Defendants. | CASE NO. A-20-814938-C<br><br>DEPT. NO. XXVIII<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff MEGAN POTE, through counsel the VAN LAW FIRM, alleges against Defendants as follows:

1. Plaintiff Megan Pote ("Megan") is a resident of Clark County, Nevada.

2. Upon information and belief, Defendant State Farm Fire and Casualty Company ("State Farm") is an Illinois corporation.

3. Upon information and belief, State Farm is a business entity domiciled in the State of Illinois and authorized to do business of property and casualty insurance in the State of Nevada.

4. State Farm does business in Clark County, Nevada and did business in Clark County, Nevada when the Crash described below occurred.

5. Upon information and belief, ROE LEGAL ENTITIES I-V are legal entities.

6. Upon information and belief, ROE LEGAL ENTITIES I-V do business in Clark County, Nevada and did business in Clark County, Nevada when the Crash described below occurred.

7. ROE LEGAL ENTITIES I-V are insurance companies, casualty companies, or other business entities who wrote or cancelled, or participate in writing or cancelling, the policy of insurance, or who participated in the claims processing and handling of Megan's claims under an uninsured and underinsured motorist coverage policy of insurance described below.

8. ROE LEGAL ENTITIES I-V are liable to Megan for benefits under the uninsured and underinsured motorist coverage policy of insurance and responsible for evaluation of Megan's uninsured and underinsured motorist claim.

9. ROE LEGAL ENTITIES I-V know or reasonably should know that they are rightful Defendants.

## JURISDICTION AND VENUE

10. The Eighth Judicial District Court possesses subject matter jurisdiction over this matter under Article 6, Section 6 of the Constitution of the State of Nevada, and NRS 4.370.

11. The Eighth Judicial District Court has personal jurisdiction over the Defendants under NRS 14.065.

12. Venue is proper in the Eighth Judicial District Court under NRS 13.040.

///
///
///
///
///

2

## GENERAL ALLEGATIONS

### The Crash

13. All prior paragraphs are incorporated by reference herein.

14. On or about November 18, 2018, Megan was operating a motor vehicle (the "Megan Vehicle") traveling southbound on Rainbow Blvd. in travel lane 2 approaching Windmill in Las Vegas, Clark County, Nevada.

15. On or about November 18, 2018, Karisa Gentry ("Gentry") was operating a motor vehicle (the "Gentry Vehicle") exiting the parking lot of a Sinclair Gas Station on Rainbow Blvd. to travel southbound onto Rainbow Blvd. in Las Vegas, Nevada.

16. While Megan was traveling southbound in the Megan Vehicle and in travel lane 2 on Rainbow approaching Windmill, Gentry exited the parking lot of the Sinclair Gas Station in the Gentry Vehicle into travel lane 2 in front of the Megan Vehicle causing Megan Vehicle's right front end to crash with the left front end of the Gentry Vehicle (the "Crash").

17. When the Crash occurred, Gentry failed to use due care while operating the Gentry Vehicle for one or more of these reasons: Gentry was distracted, under the influence of alcohol or drugs, did not pay full attention to the surroundings while driving, failed to yield to the right of way, failed to stop at stop signs or signals, followed too closely, attempted one or more unsafe lane change(s), and/or did not decrease the speed of the Gentry Vehicle while approaching stopped vehicles or slowing vehicles.

18. Because Gentry failed to exercise due care while operating the Gentry Vehicle, Gentry's actions, omissions, and neglect was the actual, proximate, and legal cause of the Crash.

19. Because of the Crash, the Megan Vehicle incurred damage.

20. Because of the Crash, Megan suffered personal injuries, pain, suffering, and loss of enjoyment of life.

///

///

21. Because of Megan's injuries, Megan received reasonable and necessary medical and healthcare treatment and engaged the services of physicians and other healthcare providers to care for and treat said injuries.

22. Because of the Crash and Megan's injuries, pain, suffering, loss of enjoyment of life, and medical and healthcare expenses incurred, Megan retained the services of the Van Law Firm to prosecute this action and is entitled to reasonable attorneys' fees and costs.

23. Gentry accepted liability for the collision but was underinsured.

24. Gentry's insurance company tendered the $25,000 policy limit to Megan.

25. The $25,000 tender of Gentry's full policy limit was insufficient to cover Megan's general and special damages caused by the Crash.

### Megan's Uninsured/Underinsured Policy

26. All prior paragraphs are incorporated by reference herein.

27. When the Crash occurred, Megan had in effect a personal auto insurance policy with Defendant State Farm that provided Megan with certain benefits including Uninsured/Underinsured Motorist Coverage ("UM/UIM") in the amount of $100,000 each person/$300,000 each crash — Policy No. 108649328D (the "Policy").

28. The damages sustained by Megan because of the Crash exceed the value of Gentry's insurance policy.

29. Megan has fully complied with the terms of the Policy.

30. Despite Megan's full compliance with the terms of the Policy, State Farm refuses to pay – in accordance with the Policy that Plaintiff contracted for with State Farm – the reasonable expenses incurred by Megan for necessary medical treatment, services, and products provided to Megan for bodily injuries suffered because of the Crash.

31. Despite Megan's full compliance with the terms of the Policy, State Farm refuses to pay the Uninsured/Underinsured Motorist Coverage that Megan contracted for with State Farm.

///

4

### State Farm's Bad Faith

32. All prior paragraphs are incorporated by reference herein.

33. State Farm refuses to make adequate payment to Megan as required under the Policy.

34. State Farm's refusal to make adequate payment to Megan was made without a reasonable basis in fact or law.

35. State Farm's refusal to make adequate payment to Megan was made in bad faith and for the purpose of denying the benefits of the Policy to Plaintiff.

36. State Farm owed Megan the following duties, among others:
    a. a duty to honor the UM/UIM benefits for the entire Policy duration;
    b. a duty to conduct a prompt, reasonable, and diligent investigation of the facts of the case to determine the validity of the claims made by Megan against State Farm;
    c. a duty to evaluate Megan's claims fairly;
    d. a duty to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim where liability is reasonably clear;
    e. a duty to act promptly and reasonably in settling the claim;
    f. a duty not to reject a reasonable and fair offer of settlement;
    g. a duty not to put Megan through unnecessary litigation;
    h. a duty not to put Megan's assets at risk;
    i. a duty to refrain from actions that would injure Megan's ability to obtain the benefits of the Policy;
    j. a duty to refrain from actions that would injure Megan's ability to obtain the benefits of the Policy; and
    k. a duty of good faith and fair dealing.

37. Upon information and belief, State Farm breached its duties to Megan by, among other things:
    a. failing to honor the Policy;

  b. failing to honor the UM/UIM benefits;

  c. failing to conduct a prompt, reasonable, and diligent investigation of the claims made against State Farm;

  d. failing to evaluate the claim fairly;

  e. failing to tender the claims;

  f. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim; not making reasonable settlement offers to settle the claims;

  g. failing to accept reasonable and fair offers of settlement;

  h. putting Megan through unnecessary litigation;

  i. putting Megan's personal assets at risk; and

  j. failing to pay any reasonable portion of the insurance coverage to Megan.

38. State Farm's actions described above, among others, constitute bad faith insurance practices.

39. As an actual, direct, and legal cause of State Farm's breaches of its duties owed under the Policy, Megan has been deprived the benefits owed under the insurance contract – the Policy – and was forced to incur expenses to obtain the benefits which she was otherwise entitled and Megan has otherwise been damaged in amounts in excess of $15,000.

40. Because of State Farms actions and omissions described in this Complaint, Megan retained the services of the Van Law Firm to prosecute this action and is entitled to reasonable attorneys' fees and costs

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

41. All prior paragraphs are incorporated by reference herein.

42. State Farm is an insurance company.

43. Megan and State Farm or Roe Legal Entities I-V entered into a valid and enforceable written contract – the Policy.



44. Megan performed or was excused from performing under the Policy.

45. Megan satisfied all conditions precedent under the Policy.

46. State Farm materially breach the Policy by, *inter alia*, refusing to properly compensate Megan for UM/UIM benefits.

47. State Farm or Roe Legal Entities I-V demanded and received policy premium payments for the Policy.

48. The Policy was in full force and effect when the Crash occurred.

49. Megan tendered all the information related to the Crash and injuries suffered to State Farm to seek coverage under the Policy.

50. Ignoring Megan's injuries, pain, suffering, loss of enjoyment of life, medical and healthcare treatment, general damages, and special damages, State Farm or Roe Legal Entities I-V has refused to fairly evaluate Megan's demand.

51. Neither State Farm nor Roe Legal Entities I-V has made a reasonable offer to settle Megan's claim.

52. State Farm or Roe Legal Entities I-V materially breached the Policy when it failed to fairly evaluate Megan's claim arising from the Crash and tender the amounts necessary to cover Megan's general and special damages.

53. Because of State Farm or Roe Legal Entities I-V's material breach of the of the Policy, Megan has suffered damages in an amount in excess of $15,000.

## SECOND CLAIM FOR RELIEF

**(Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing)**

54. All prior paragraphs are incorporated by reference herein.

55. Implied in every contract is a covenant of good faith and fair dealing.

56. State Farm or Roe Legal Entities I-V owed Megan a duty of good faith and fair dealing under the Policy.

57. State Farm breached its duty of good faith and fair dealing by refusing to properly compensate Megan.

///

58. Megan sustained damages because of State Farm's breach of the implied covenant of good faith and fair dealing.

59. Because of State Farm or Roe Legal Entities I-V's material breach of the of covenant of good faith and fair dealing, Megan has suffered damages in an amount in excess of $15,000.

### THIRD CLAIM FOR RELIEF

**(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)**

60. All prior paragraphs are incorporated by reference herein.

61. Implied in every contract is a covenant of good faith and fair dealing.

62. State Farm or Roe Legal Entities I-V owed Megan a duty of good faith and fair dealing.

63. As an insurer, State Farm or Roe Legal Entities I-V owed Megan a fiduciary-like duty and there was a special element of reliance by Megan.

64. State Farm or Roe Legal Entities I-V breached its duty of good faith and fair dealing by refusing to properly compensate Megan for the injuries sustained in the Crash.

65. Megan suffered mental suffering and emotional distress because of State Farm or Roe Legal Entities I-V's tortious breach of the of the implied covenant of good faith and fair dealing.

66. Because of State Farm or Roe Legal Entities I-V's tortious breach of the of covenant of good faith and fair dealing, Megan has suffered damages in an amount in excess of $15,000.

67. Megan is entitled to punitive damages because of State Farm or Roe Legal Entities I-V's tortious breach of the implied covenant of good faith and fair dealing.

### FOURTH CLAIM FOR RELIEF

**(Bad Faith)**

68. All prior paragraphs are incorporated by reference herein.

69. The acts and omissions of State Farm or Roe Legal Entities I-V as complained of herein, and yet to be discovered, constitute bad faith.



VAN LAW FIRM

1290 S. Jones Blvd. Las Vegas, NV 89146
Phone: (702) 529-1011   Fax: (702) 800-4662
Email: info@vanlawfirm.com

70. State Farm or Roe Legal Entities I-V's actions were not the result of an honest mistake, bad judgment, or negligence on the part of State Farm or Roe Legal Entities I-V's, its directors, officer, employees, and agents.

71. Megan sustained damages because of State Farm or Roe Legal Entities I-V's bad faith.

72. Megan suffered mental suffering and emotional distress because of State Farm or Roe Legal Entities I-V's bad faith.

73. Because of State Farm or Roe Legal Entities I-V's bad faith, Megan has suffered damages in an amount in excess of $15,000.00

74. Because State Farm or Roe Legal Entities I-V is guilty of oppression, fraud or malice, express or implied, Megan is entitled to punitive damages.

## FIFTH CLAIM FOR RELIEF

### (Unfair Trade Practices – NRS 686A.301, et al.)

75. All prior paragraphs are incorporated by reference herein.

76. State Farm or Roe Legal Entities I-V has engaged in unfair trade practices, including:

   a. Failing to acknowledge and act reasonably promptly upon communications regarding claims arising under insurance policies.

   b. Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

   c. Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.

   d. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

   e. Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, regarding the facts of the insured's claim and

the law, for the denial of his claim or for an offer to settle or compromise his claim.

77. Because of State Farm or Roe Legal Entities I-V's unfair trade practices, Megan has suffered damages in an amount in excess of $15,000.00

78. Because State Farm or Roe Legal Entities I-V is guilty of oppression, fraud or malice, express or implied, Megan is entitled to punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Megan Pote expressly reserve the right to amend this Complaint at the time of trial to include all items of fact, law, and damage not yet ascertained and pray for the following relief against Defendants jointly and severally:

1. For general damages in an amount in excess of $15,000.00;
2. For punitive damages;
3. For pre-judgment and post judgment interest at the legal rate;
4. For costs of suit incurred;
5. For reasonable attorneys' fees; and
6. For such other and further relief as the Court may deem just and proper.

Dated this 20th day of July, 2020.

TRACEE DUTHIE, ESQ.
Nevada Bar No. 8795
MELINDA WEAVER, ESQ.
Nevada Bar No. 11481
ROCHELLE HARDING, ESQ.
Nevada Bar No. 14058
**VAN LAW FIRM**
1290 S. Jones Blvd.,
Las Vegas, NV 89146
(702) 529-1011 Telephone
(702) 800-4662 Facsimile
tracee@vanlawfirm.com
melinda@vanlawfirm.com
rochelle@vanlawfirm.com
*Attorneys for Plaintiff Megan Pote*